Our next case is Green v. MSPB, 24-1615. Counselor Rachel Gold, you reserve five minutes of time for rebuttal. I do, Your Honor, please. Thank you very much. OK, you may proceed. Good morning, Your Honors. May it please the Court, my name is Rachel Demers Gold. I'm here on behalf of my client, Bradley Green. And I'm here not only because I'm the lawyer who sat at her laptop on Thanksgiving 2017 trying to perfect this appeal, but the deference that the board is requesting on behalf of the US Postal Service has been completely eroded since this case started almost 10 years ago now. The basis of the board's decision, the merit system principles that were established by 5 U.S.C. 2301 and are posted on their website include all of the reasons for its establishment. It was a reform of the Civil Service Act, and it was designed to protect the members of the services, particularly clients like mine. Mr. Bradley Green, who for over 20 years was a member of the Postal Service without incident, and in 2017 was transferred to a location where he was assigned and charged with the mission of improving delivery times. Can you tell us what actions were taken to timely file the appeal by the actual deadline? Yes, I can. So my recollection of when I first received the question 16 was the 20th of November. The appeal had actually been started the month before, the day after the decision was received. And at that point, I was actually not retained. My client had started the appeal process. I'm sorry, your honor. What do you mean when you say the appeal had been started the month before? What do you mean by that? So the Merit System Protection Board is a portal. And the way it is an e-appeal filing portal. And you go in, and like I was explaining, my client was not represented at the time. Counselor, I'm going to ask that you're here as a lawyer for Mr. Green, right? Yes, sir. But you're almost testifying to us. Because I personally was the person he was speaking to that day. Keep everything, confine everything to what is already in the record. I will, your honor. Thank you. Do you understand what I'm talking, what I mean? I do. I do believe all of this is in our record. The fact that the appeal was, in fact, opened the day after the date. It's just that we're not fact finders. And we're also, you know, I want to make sure that we maintain the arguments in accordance with the record that's been developed and that's been sent up to us, as opposed to having your personal testimony right now based on your record. You've said that a couple times. You've said, my recollection is, that's what I'm trying to avoid. Understood. I was responding to the judge's question as to what steps were taken. And I guess I referred to myself, because I did personally take some of them. So let me refer just to the record in a more generic way. OK. And if you can point us to record pages, I think, which will be consistent with, I think, the instruction given by Judge Reyna, that would be very helpful. So we can see the actual physical steps.  If you look at appendix, if I could pull up my record,  Appendix, page 101, says, I withdraw. I did not expect to have to go back to their pages to show where they admitted these things. So I'm sorry. I do need a moment to do this properly.  In the appendix, Your Honors, at the Merit System Protection Board brief, which is pages, I think you were trying to point us to appendix page, you said 101? I did say page 101, Your Honor, yes. But I think that I should start by asking you to turn to appendix page 50, which is in the record, beginning as page 46. All of the facts that I am currently reciting, if I could, appear on pages 47. The appellant opened his appeal and started to upload the required information. The statement of facts there is what I'm actually alluding to in my statement now, beginning on what is page 2 of that argument, page 47 of the appendix. And it goes through page 50. There are a series of facts there, including when he originally opened his appeal. It is an online portal where my client had originally opened an appeal the day that he received the decision saying that he was not going to be able to file this appeal. He then sent to me, I believe the date is November 20th, is in the record, that I returned to him and we had settled on November 20th. On the 23rd, which was, in fact, Thanksgiving, was the day that he went to perfect the appeal. Question 16 is the narrative that describes exactly what happened that is the basis for requesting the appeal. The entire application, everything in the portal had been done other than the uploading of question 16. That was where the problem arose. On the 23rd, which was Thanksgiving, he wasn't able to do it. He then reached out to counsel, who is before you today, but in the record also is the same person who tried to upload it. We were unsuccessful. Is there any dispute as to whether the system was operating on that day or not? I think I read on the other side that they had more proof that the system was down on that day. That's exactly what they say, that what they did, and this is part of the issue with the record on top of that, is that the decision below did not actually address anything beyond the fact that there was something submitted by the Merit System Protection Board to its own counsel 10 years after this happened. That was a report that was never examined by us, was never turned over. Mr. Green, who is the member of the Federal Services, who was supposed to be protected by this system, was never offered the opportunity to examine what that record was, to cross-examine on it. And yes, there's a dispute, but there is also evidence, human evidence, of people who have, I will say, averred to the information, because there's been no opportunity for testimony in this matter, that, in fact, the system was down. What they did admit was that it was down for two days before this happened, and they averred that there was a message that was creeping across the top of the screen for the week that this was happening that said that all systems had been restored. So there is evidence that was turned over, or that was made part of the record. Late, I would submit. It was never given an opportunity to examine. Can I ask you a question? Yes. I read the board's decision, full board's decision, as saying, even assuming you're correct about that, and there were technical difficulties, there is no evidence that the appellant or the appellant's lawyer requested technical assistance to resolve any issues prior to the due date for the appeal. So setting that aside, I mean, how do you respond to that? Because to me, that seems kind of problematic for your case. Well, the 23rd was Thanksgiving, so there was no one to whom to reach out to the board that day. The 24th was the Friday after Thanksgiving. And again, we made the attempts as the 27th. The 27th, I was on trial as the day it was due. I don't know. I don't have an answer other than the fact that we had been trying for days. The system was consistently down. I was on trial, so both Mr. Green, who had been filing it himself, and my assistant continued to try. And quite frankly, the fact that there was a scrolling message on the top of the screen. The question was, why didn't anyone request technical assistance on November 27th, the day it was due? I understand you were on trial. I don't have. I was on trial. It did not occur to me personally that there was to call the board that had asked me to electronically file and said there was a problem. In fact, it wasn't until my secretary did it several days later. She called me and said, I finally called them, and this is what they said to do. Mr. Green and I had been trying for days to do it. I don't know if I have a better answer to that. I know that there's an argument in the papers. I do think that there's also something in the record suggesting that there was a misunderstanding that November 27th was dead. And I would submit the fact that there are so many questions in this record concerning when this was actually perfected all by itself warrants an examination. In the record, it says that it was perfected on November 28th. Now they're saying it wasn't done until November 24th. I would direct your honors, if I could, please. You mean when the appeal was perfected? What does that mean? What do you mean by that? The appeal was started on October 20th or 21st, the day that the notice was received. The only thing that was not done that created this delay was the uploading of question 16, which is the narrative of what had happened to lead to the appeal. It was that drop-down menu and attaching of the files from our computer that the system was refusing to allow us to do. Now there's no dispute that the upload occurred on December 4th. No, there is. If you would please look at appendix page 101, November 29th, 27 days, a day after the appeal was filed. There's inconsistency in their own system as to whether or not this appeal was perfected on the 4th, the 1st, or the 27th. The reason being, can you at least agree that there's no dispute that that question was not uploaded until after the due date for the appeal? I will concede that no, I've never seen the records as to what happened with all of our attempts to submit it. Because the truth is, if you look at the record, there were several attempts. We hit Submit on the 23rd. We hit Submit on the 24th. When did you get some sort of indication that, in fact, your paper had been accepted? When my assistant called and said we were having this problem and we don't know what to do, which was the first, which I will admittedly, and it's in the record. The first, I started trying to talk. What is to an appendix page in the record that shows the date when it was successfully uploaded? OK, well. Well, it wasn't uploaded. Was it? I mean, did you end up faxing it? It was not. That's the problem. It was never uploaded. Wait, hold on. Let me ask my question, then you'll answer. Can you just show us something in the record where it shows that it was successfully, I'm going to say, provided, in terms of the appeal, this information regarding question 16? If you look at appendix page 101. This is the agency's response to our evidence on timeliness, the second paragraph. The evidence provided shows email exchanges, including the email sent on November 29, the day after the appeal was filed. So their own papers actually say it was November 29. I know that there are papers here that say it was December 4. I've never seen anything that says December 4 other than the submission to your honors here. It was December 1 when their appeal was written. It was December 2 when their appeal was written. It was November 29. With due respect, I don't see how this sentence we've identified says that's when the appeal papers were filed. It says that's when there were email exchanges between the lawyer and the client. And it says one day after the appeal was filed. It doesn't say that. I think the question asked was, what do you have in the record to show when the appeal was perfected or provided? Other than the agency's admission that they received it on the 29th? I mean, that's what that letter. I don't even see an admission that they received it on the 29th in the sentence that you've identified. Well, it does say in their papers a day after it was filed. It says the evidence provided shows email exchanges between herself and her client, including an email sent on November 29. A day after the appeal was filed. Doesn't prove. I don't understand how that proves that the appeal itself was perfected the day after. Oh, the day after the appeal was filed. Oh, so you're saying because it says the day after the appeal was filed, that's an admission? I am saying that. And it's consistent with not only our attempts for many days to submit this, but with. Why is that not a typo? Why is that not a typo? Given the rest of the substance of the case. I mean, if your appeal was filed. Oh, so you think. OK, all right. I'm sorry. You think it was filed on the 28th, not the 27th. I do. And not only do I think it was filed on the 28th, there was, it was submitted on the 23rd. It was submitted on the 24th. And then a death detected on the 27th. And the whole point is that because there are so many dates in here, the arbitrary and capricious nature of refusing to look at the inconsistency, not giving Mr. Green the opportunity to examine the records that they're proffering as proof that this system was working, when in fact, there are eyewitnesses that it was not working. It just completely undermines the whole purpose of the board and all of the protections it was designed to give Mr. Green. The board refused to even consider the five factors in Alonzo, which are actually mandatory under the Barnes case, under the Ziegfeld case. And that by itself, I would say, is both an abuse of discretion as well as arbitrary and capricious. But as your honors appear to be focused on the number of times that different dates for submission appear in here, I submit to your honors that that's, in fact, part of the problem. Mr. Green has yet to been given an opportunity to defend the position that we will. Let me just ask you one more question. I know you're a volunteer of all, but let me ask this. How did the board abuse its discretion in finding no good cause for waiving the time limitation for filing the appeal? So the Barnes case, the Ziegfeld case, required that the Alonzo factors be examined. The only thing that was even looked at by the board was a document proffered by the board and by the US Postal Service after the entire brief had been submitted. They didn't examine the five factors which are required, which are the length of the delay, which, again, might be one day, might be three days, but in fact, I submit to you was no days. We submitted over and over. You understand, though, in the board's decision, Alonzo is cited, correct? Yes. And their position is that they don't need to examine the five factors, but that's not the case. They are required to look at the length of delay, the reasonable of excuse, the showing of due diligence, the evidence of such. Due diligence is discussed in the actual order as well. Except there are factual errors in the due diligence conversation. First of all, it says that Mr. Green didn't bother to try and send the paragraph to his lawyer until after Thanksgiving. That's simply untrue. And in fact, if you look at the board's and the Postal Service's own submission, they can see that there are factual delays in the judge's decision. Is this back on 101? Appendix 101, is that what you're referring to? I'm sorry, Your Honor. Are you asking me to? No, that's all right. OK. I think I'm well over my time. You are. Oh, OK. But we let you go. Are there any other questions? OK. We'll restore your rebuttal time. I'm sorry? OK. Let's do a quick one for me now. Good morning, Your Honors. May it please the Court, my name is Deanna Schaubacher, and I represent MSPB. I would just like to flag at the outset that counsel is pointing to submissions by the Postal Service that were submitted in the record below and saying that those are admissions by MSPB. But those submissions on appendix page 101, for example, that was the Postal Service who was. Would you have us look at page A23, which is the certified list, to see what the filing date was? Yeah, the certified list shows that the appeal was received by fax on December 4th for the first time. And there is also the timeliness order by the administrative judge that was issued on the date of the timeliness orders, December 14th. And on that appendix, page 92, she notes that it was received on December 4th, 2017, and it was untimely filed by seven days. So anything that US Postal Service said is not reflecting anything in the board's records. So you said we should disregard that statement? I believe it's not probative of what the board found or what the board's records show. It appears to be an error by the Postal Service. This is an error? To the extent it implies that the filing was made on November 28th, I believe the Postal Service said that on the board's records show that this appeal was received on December 4th. I think that the very limited evidence provided by petitioner before the board also confirms that they knew the filing had not been submitted before that time. There's not a lot of evidence, but there's usually not a lot of evidence in these cases on this deadline. But you actually have discretion to excuse the missing the deadline here, right? The board has discretion if good cause is shown. So that's what we're looking at, whether there was good cause for this or not. Correct. The evidence that was provided below consists of emails showing their attempts to file and clearly conveying that counsel knew that the appeal had not been submitted. Our regulations provide that an appeal is submitted by is. The way I read it, she thought that the client had taken care of it, because she's in an arbitration. And I can understand that. If you're in an arbitration, your hands are full. She asked the client, and the client, of course, is mixed up. So they missed the deadline by how many days? Seven days. By seven days. Yes. The emails show that Mr. Green, oh, go ahead. OK. Go ahead. Mr. Green emailed her on November 23rd, which is the only email they provided that was actually during the filing period. The rest of the emails start on November 29th, which was already two days after the filing period. The board's dispositive finding here is that even assuming is true all of the technical issues alleged by Mr. Green and his counsel, it's undisputed that they did not try to file via alternate means or request technical assistance from the board during the filing period. This is directly on point with this court's holding in Faden, that due diligence requires a party to attempt alternate filing methods if the appeal's not working. Was the, looking at the evidence on the record, I'd like for you to tell me, was the system down, the filing system down on the days that the appellant claims? We have no record that the system was down on those days. No. Would you have had a record? I believe that we would have records of full system outages. I mean, I don't, we can't speak to whether or not they, in fact, experienced some kind of issue with the website. You don't know that, OK. I have no way to know if they truly couldn't upload question 16 on that day. But that's why the board's ultimate finding is so critical, because we credited that they couldn't, we credited that they couldn't successfully use e-appeal. But due diligence requires more than just trying to use e-appeal four days before the deadline, and then doing nothing else until two days past the deadline, and even then continuing to just experience the same problem with e-appeal and not reaching out to the board for assistance, not using fax or mail, commercial, delivery, any of these other acceptable filing methods. And the board was open on November 24, the day after Thanksgiving, and was certainly open on the deadline, November 27. And even if they had simply submitted a ticket requesting technical assistance, that would have been something in the record showing efforts. But no such effort was taken here during the filing period. It took them a full seven days. Is there something in the record that shows the board was open on November 24? Because I heard counsel say it wasn't. Well, the government is always open the day after Thanksgiving, so there's not. Nothing in the record, right? It's not in the record, no. But regardless, Monday the 27th was a business day. It was the deadline. It appears that there were no efforts to file on that day. The appendix pages 129 to 130 show all of the attempts that would have been made to file, or at least be, I guess, accessing or logging into the system? I'm sorry? I'm looking at appendix pages 129 to 130. Does that show all of the attempts that were made to log into the system to do any sort of filing by Mr. Green or his counsel?  Yes, they do. So you're claiming they were not diligent in trying to get it filed? No, the board acted well within its discretion to find that there wasn't adequate due diligence under these circumstances. Having encountered difficulties using e-Appeal, it was incumbent upon Mr. Green, who was represented by counsel, to act reasonably under the circumstances to get the appeal submitted on time. And they continued to demonstrate a failure to try alternate methods, to contact the board for assistance. Presumably, the miscalculation of the filing deadline played a role. But to blame the seven-day filing deadline on e-Appeal is, it doesn't show due diligence under the circumstances here. And the board was well within its discretion to decline waiver under these circumstances. OK. Any questions? Thank you.  Thank you. Counselor Goh, we'll restore your time to 30 minutes. Thank you, Your Honor. I think I just, if I may, point out a couple of things based upon what your conversation was with counsel for the board. First of all, Barnes v. The Merit System Protection Board actually specifically found that it was not reasonable to expect someone to find alternate filing during a holiday weekend. And in fact, in that case, they eliminated the days of both the holiday and the subsequent weekend from the filing deadline because of the fact that it was found that it was not reasonable to expect people to try and find alternate means during that time. And I'm not going to concede that we did not make any attempts. I understand they're not in the record. I'd just like to point out that that is what's being relied on very heavily here. And that is not what the Barnes holding was. I would also like to note that they keep saying that ordinary prudence indicates that we should have requested assistance. It was Thanksgiving Thursday. There was no one to request. It was Thanksgiving Friday. My office was closed, and we did try and get this done. I understand that there are several places in the record where there are discrepancies as to when this was actually perfected. But that is part of the point here, is that the whole board's purpose is to protect the interests of these workers. And if Mr. Green did what he is accused of doing, then there's no question that he probably deserved to lose his job. However, here the question is whether or not the board had an obligation to hear his case, whether or not the board had an obligation to find that there was good cause when their own system was down for days and days and weeks that week by their own admission, even though they say it's not these days. And they have no record of when the system actually finally did either restore itself or show that my client's documents were uploaded. If your honors have no further questions, I guess the only other thing I'd like to point out is that Logan, Skaggs, and Herring all point out that the Alonzo factors are required to be considered. Otherwise, it's an abuse of discretion per se. And that's exactly what happened here. The judge below the board decided not to listen, not to pay attention to the record, to consider the one factor that their client had proffered to them that wasn't proffered to the member of the board who was supposed to be protected in this situation. And they're not even giving him a chance to be heard. And I'd ask your honors to find that there was good cause, there was an abuse of discretion, and give Mr. Green an opportunity to make his case. Thank you. OK, thank you. We thank the parties for their arguments. That's the end of today's arguments. This court now writes the recess.